IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Kristen Ard Richardson, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:14-1995-RMG |
| v. ) | |
| ) | |
| AT&T Mobility Services LLC, Daniel ) | **ORDER** |
| Brechbill, Sedgwick Claims Management ) | |
| Services Inc., ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Bristow Marchant, which was made in accordance with 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.), and which recommends that the Court grant Defendants' motion for summary judgment. Plaintiff filed written objections to the R&R, and the matter is ripe for review.

## BACKGROUND

### I. Procedural History

Plaintiff Kristen Ard Richardson ("Plaintiff" or "Richardson") filed her initial complaint on May 20, 2014. On September 8, 2014, she filed an amended complaint alleging the following claims: (1) violation of the Americans with Disabilities Act ("ADA") against Defendant AT&T Mobility Services LLC ("AT&T"); (2) breach of contract against AT&T; (3) violation of the Family Medical Leave Act ("FMLA") against Defendants AT&T, Daniel Brechbill ("Brechbill"), and Sedgwick Claims Management Services Inc. ("Sedgwick"); and (4) intentional and negligent interference with contract/employment against Sedgwick.

On July 31, 2015, Defendants filed a motion for summary judgment, and Plaintiff filed a response in opposition on August 31, 2015. In her response, Plaintiff voluntarily withdrew her claims against Defendant Sedgwick, leaving only her first, second, and third causes of action against Defendants AT&T and Brechbill for consideration.

On January 7, 2016, Magistrate Judge Marchant issued his R&R outlining the issues and recommending that the Court grant Defendants' motion for summary judgment as to all of Plaintiff's remaining claims. On January 25, 2016, Plaintiff filed written objections to the R&R, objecting only to the Magistrate Judge's recommendation that the Court grant summary judgment on her ADA claim against AT&T. Defendant AT&T responded to Plaintiff's objections on February 11, 2016, asserting that the objections lack merit.

## II.   Evidence

Plaintiff began working for AT&T as a sales representative in 2009. (Pl's. Depo., ECF 39-14 at 2.) Originally, Mark Edens was her manager, but Defendant Brechbill subsequently became her manager. (Id. at 3.) A Regional Labor Agreement, which provided union representation, covered the terms of Plaintiff's employment. (Edens' Depo. Ex. 1, ECF 39-17.) In addition, Plaintiff was subject to attendance and punctuality guidelines, which established a point system for tardies and absences, with the accumulation of 7 points providing grounds for termination. (ECF 39-2.)

When Plaintiff applied for her position, Edens and an assistant manager interviewed her. (Pl's. Depo., ECF 39-14 at 3.) At some point, Plaintiff told Edens that she had Multiple Sclerosis. (Edens' Depo., ECF 42-2 at 6.) Edens testified that he told Plaintiff "she needed to file FMLA paperwork," and that "she would be covered . . . if something should arise about that." (Id.) According to Edens, he "asked her to do that repeatedly." (Id.) Edens testified that the only

information Plaintiff ever gave him about having MS was verbal, and Edens testified that he was required to keep her attendance records as her manager, but that he told her "that she really needed to fill out the FMLA paperwork," so that when it came to consideration of her absences, administrators could "go back and look at the FMLA, any kind of and say okay, these absences weren't – these were due to illness or whatever." (Id. at 7.) Edens testified, however, that to his knowledge, Plaintiff never filled out the paperwork. (Id.) Edens further testified that AT&T "had a whole department that was dedicated to any kind of things for Disability Act," and that an employee "would call the disability hotline or whatever it was" and then "file a claim or not a claim but like a request for accommodations." (Id.) Edens then testified that the request "would go up the ladder, and somebody would look at it, and then they would come back and say yes, we'll do this accommodation; or no, we won't do this accommodation, but we'll do this for you." (Id.) Edens testified that he did not recall Plaintiff ever asking for any type of accommodation. (Id. at 11.)

On November 16, 2009, Edens formally counseled Plaintiff about her unsatisfactory attendance and punctuality because Plaintiff had accumulated two unexcused absences and had been late for work five times. (Id. at 14; ECF 39-15.) Edens testified that Plaintiff had not filled out any paperwork to have these absences excused under the FMLA at that point. (ECF 42-2 at 14.) The counseling memo Plaintiff received included information concerning her FMLA rights and informed her to contact the appropriate leave administrator if any of her absences qualified for FMLA leave. (ECF 39-15 at 2.) The record does not contain evidence to show that Plaintiff filed any paperwork with respect to any of the absences referenced in the November 2009 counseling memo. (See Hallmon Decl., ECF 39-3; Korzekwa Decl., ECF 39-13.) In fact, Plaintiff testified that when Edens was her manager, she was "in remission for a while," and there were not really any incidents except

3

for "that one time." (Pl.'s Dep., ECF 39-14 at 7.) Plaintiff never explained the "one time" she was referring to, but she also never claimed she asked for an accommodation or FMLA leave for any of the absences or tardies referenced in the November 2009 counseling memo. (ECF 39-15.)

In June of 2011, Defendant Brechbill became the store manager and Plaintiff's supervisor. (ECF 39-8.) Brechbill testified that he did not recall how he learned of Plaintiff's MS but that it was "common knowledge," and Plaintiff was not trying to keep it hidden. (Brechbill's Dep., ECF 42-1 at 5.) Plaintiff testified that Edens "was more lenient on the attendance policy," but when Brechbill became the store manager, he was not lenient and told her to contact FMLA when she reported that she was out for illness. (Pl.'s Dep., ECF 39-14 at 5.)

While Brechbill was Plaintiff's manager, Plaintiff was given a counseling for attendance on July 23, 2011, a written warning for attendance on August 12, 2011, and a final written warning for attendance on October 24, 2011.[1] (ECF 39-8; ECF 39-3; ECF 39-4; ECF 39-5.) Pursuant to the Labor Agreement attendance guidelines, the final written warning was the last step before termination. (ECF 39-2 at 5.) Also, each of these written warnings advised Plaintiff of her rights under the FMLA, as well as her right to seek "[l]eave as reasonable job accommodation," and informed her to contact her leave administrator if she wanted to seek or assert a claim for covered leave with regard to any of these absences and tardies. (ECF 39-20; ECF 39-21; ECF 39-2.) Plaintiff testified that AT&T failed to accommodate her for one full day's absence in October, but

---

[1] Plaintiff was placed on "Counseling Discipline" on July 23, 2011, for being late to work four times in July. (ECF 39-20 at 1.) Plaintiff was given a "Written Warning" on August 12, 2011, for being late to work twice more in July, and then five more times in August. (ECF 39-21 at 1.) Plaintiff then received a "Final Written Warning" on October 24, 2011, for being late on October 17, 2011, and for being absent from work on October 29, 2011. (ECF 39-22 at 1.)

4

that she did not attempt to file for FMLA leave for this absence.[2] (ECF 39-14 at 8.) After receiving the final written warning on October 24, 2011, Plaintiff incurred additional points for unexcused tardies such that by December 6, 2011, she had accumulated a total of 10.75 points. (ECF 39-23.)

From late December 2011 until late February 2012, Plaintiff was out of work on short-term disability leave, which was considered approved FMLA leave. Because Plaintiff was approved for short-term disability benefits, she was paid during this time. (ECF 39-14 at 14.) About a week after Plaintiff returned to work, however, she was terminated based on having accumulated 10.75 attendance points through December 6, 2011. (Id. at 14-15; ECF 39-23.) The evidence of record indicates that of all of the dates for which Plaintiff accumulated points that resulted in her termination notice, Plaintiff only sought protection under the FMLA on one occasion, her absence on October 19, 2011. (ECF 39-9 at 3.) Plaintiff's request for FMLA leave on October 19, 2011, was denied, however, because she failed to properly submit the required medical documentation to show that her absence was due to a serious medical condition. (Id.; ECF 39-11 at 51-54.)

On December 17, 2012, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the South Carolina Human Affairs Commission ("SCHAC"). (ECF 39-14 at 12-13; ECF 39-18). After receiving a right to sue letter, Plaintiff filed this lawsuit.

## STANDARDS OF REVIEW

### I.     The Magistrate Judge's R&R

The Magistrate Judge makes only a recommendation to the Court. The recommendation has

---

[2] Plaintiff later testified that this one day in October should have been approved as FMLA leave as "part of [her] disability." (ECF 39-14 at 8, 11.) The evidence indicates that Plaintiff did request FMLA leave with respect to her absence on October 19, 2011. (ECF 39-12 at 9-12.)

5

no presumptive weight, and the responsibility to make a final determination remains with the Court. See Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the R&R to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). In the absence of specific objections, the Court reviews the matter only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## II. Summary Judgment

To grant a motion for summary judgment, this Court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The Court is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). All evidence should be viewed in the light most favorable to the non-moving party. See Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

## ANALYSIS

Defendants moved for summary judgment on all of Plaintiff's claims, and the Magistrate Judge recommended that the Court grant Defendants' motion. In so recommending, the Magistrate

Judge first determined that although Plaintiff had shown she had a "disability" for purposes of establishing a prima facie case of failure to accommodate pursuant to the ADA, Plaintiff's ADA claim nevertheless failed because Plaintiff presented no evidence to show that Defendants failed to honor a proper request for a necessary accommodation. Next, with respect to Plaintiff's breach of contract claim, the Magistrate Judge determined that the Regional Labor Agreement preempted Plaintiff's claim and that Plaintiff failed to timely file a claim for breach of a collective bargaining agreement. Finally, the Magistrate Judge determined that Plaintiff's FMLA claim failed because the only evidence showing that Plaintiff requested FMLA leave with respect to an absence or tardy that resulted in her termination is Plaintiff's request for FMLA leave on October 19, 2011, which was denied because Plaintiff failed to properly submit medical documentation to support the request. In addition, the Magistrate Judge noted that Plaintiff had accumulated well over the number of attendance points to cause termination even without consideration of her absence on October 19, 2011.

Plaintiff filed written objections to the R&R, objecting only to the Magistrate Judge's findings with respect to her ADA claim. (ECF 45.) Because Plaintiff does not object to the Magistrate Judge's findings with respect to her breach of contract and FMLA claims, the Court has reviewed the report for clear error with respect to those claims. After review, the Court finds no error in the Magistrate Judge's analysis and finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law with respect to Plaintiff's breach of contract and FMLA claims. Accordingly, the Court adopts in full the Magistrate Judge's report and finds that Defendants are entitled to summary judgment on Plaintiff's breach of contract and FMLA claims.

Next, in her objections, Plaintiff contends that the Magistrate Judge erred in his treatment of her ADA claim. Specifically, Plaintiff asserts that she presented evidence to show that she requested an accommodation under the ADA, and she cites Tolan v. Cotton, 134 S.Ct. 1861 (2014), in support of her argument that the Magistrate Judge impermissibly weighed Plaintiff's credibility when he failed to consider "Plaintiff's verbal interaction with management" as "requesting reasonable job accommodation" in the form of relief from the strict attendance policy. (ECF 45 at 5.)

AT&T filed a reply to Plaintiff's objections, first pointing out that Plaintiff's objections fail to cite any portion of the record to indicate where Plaintiff actually requested the alleged accommodations she referenced in her objections. In addition, AT&T argues that to the extent Plaintiff was "regarded as" having a disability, such an employee is not entitled to a reasonable accommodation under the ADA. (ECF 46 at 5 (quoting 42 U.S.C. § 12201(h) (2009) ("A covered entity . . . need not provide a reasonable accommodation . . . to an individual who [is merely regarded as disabled.]".)).) Finally, AT&T argues that Plaintiff's ADA claim is time-barred because all of the absences and tardies that led to Plaintiff's termination accrued on or before December 6, 2011, which was more than 300 days before Plaintiff's EEOC charge was filed on December 17, 2012.

As the Magistrate Judge noted, a failure to accommodate claim is evaluated under the same standards as a discrimination claim asserted under Title VII of the Civil Rights Act of 1964. Carr v. Mike Reichenbach Ford Lincoln, Inc., No. 4:11-cv-2240-RBH, 2013 WL 1282105 (D.S.C. March 26, 2013). First, a plaintiff may either present direct or circumstantial evidence that raises a genuine issue of material fact as to whether an employer discriminated against the plaintiff as a result of her disability. Alternatively, a plaintiff without direct evidence may proceed under the

8

McDonnell Douglas pretext framework, "under which the employee, after establishing a prima facie case of discrimination, demonstrates that the employer's proferred permissible reason for taking an adverse employment action is actually a pretext for discrimination." Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 285 (4th Cir. 2004); see also McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Labor v. Harvey, 438 F.3d 404, 432 (4th Cir. 2006) (applying the McDonnell Douglas framework to an ADA claim).

To establish a prima facie case for failure to accommodate, Plaintiff must show: (1) she had a "disability"; (2) Defendant had notice of her disability; (3) with a reasonable accommodation she could perform the essential functions of her position; and (4) Defendant refused to make such accommodations. Reyazuddin v. Montgomery County, Maryland, 789 F.3d 407, 414-16 (4th Cir. 2015).

In the R&R, the Magistrate Judge first disagreed with Defendants's argument that Plaintiff failed to present evidence to show she had a "disability" within the meaning of the ADA. Although Defendants did not contest that MS qualifies as a "disability," they argued that Plaintiff only verbally advised her supervisors of her MS, and they pointed to medical records produced during discovery that failed to confirm a specific diagnosis of MS. The Magistrate Judge rejected Defendants' argument, however, noting that Plaintiff specifically sought FMLA leave on the grounds that she had MS; that Edens and Brechbill were advised that Plaintiff was suffering from MS; and that both managers advised Plaintiff about the process for seeking FMLA leave and/or accommodations for her condition. Considering the evidence in the light most favorable to Plaintiff, the Magistrate Judge concluded that "this evidence is sufficient to create a genuine issue of fact with respect to whether the Defendant at least believed or perceived that Plaintiff had MS [ ] to satisfy the "regarded as"

9

prong for establishing disability, even if this Court were to otherwise find Plaintiff has not established she has a disability under the other two prongs of the 'disability' definition."[3] (ECF 44 at 13.) Therefore, the Magistrate Judge determined that Plaintiff established a "disability" for purposes of her prima facie case.

Next, however, the Magistrate Judge agreed with Defendants that Plaintiff's claim failed because she presented no evidence to show that Defendants failed to honor a proper request for a necessary accommodation. It is this finding to which Plaintiff objects, asserting that whether Plaintiff made a request is a credibility issue that should not be decided on summary judgment. In support, she cites Tolan v. Cotton, where the United States Supreme Court held that the lower courts failed to view evidence at summary judgment in the light most favorable to the plaintiff, who had filed a § 1983 action against a police officer alleging excessive use of force. 134 S.Ct. 1861. The Court stated, "By failing to credit evidence that contradicted some of its key factual conclusions, the court improperly 'weigh[ed] the evidence' and resolved disputed issues in favor of the moving party." Id. at 1866 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. at 249 (1986)).

Here, the Court finds Plaintiff's objections without merit and her reliance on Tolan unavailing. First, in contrast to Tolan, where the Court found that the lower courts failed "to credit evidence *that contradicted some of its key factual conclusions*," the record before the Court in this case does not involve contradictory or disputed evidence. Although Plaintiff summarily asserts in her objections that "the Magistrate Judge failed to credit Plaintiff's requests for accommodation under the ADA vis a vis seeking relief from the strict points based attendance

---

[3] The term "disability" is defined as (a) a physical or mental impairment that substantially limits one or more of the major life activities of an individual; (b) a record of such impairment; or (c) being regarded as having such an impairment. 42 U.S.C. § 12102(1).

policy," nowhere does Plaintiff point to any actual evidence showing she requested accommodation by seeking relief from the strict points-based attendance policy. In other words, Plaintiff's conclusory assertion that she requested an accommodation does not create a genuine issue of material fact when the evidence of record, including Plaintiff's own testimony, fails to show that Plaintiff in fact asked for an accommodation with respect to any of the absences or tardies that resulted in her termination, aside from one day in October 2011, which is discussed below. As the Magistrate Judge noted in the R&R, Plaintiff testified as follows when asked whether she requested any accommodations from AT&T:

> Q. Okay, what accommodations did you request from AT&T or accommodation or accommodations plural?
> A. I mean, I guess you – they failed to accommodate me being out while I was sick in October.
> Q. Okay. And that was one full day absence?
> A. Uh-huh.
> Q. Okay. And anything else you can think of where you asked for an accommodation because of your multiple sclerosis?
> A. There was a day I was sick, throwing – you know, I asked to leave early and I was told I'd get points taken, so . . .
> Q. That was a day you were at work?
> A. I had to work sick.
> Q. About what timeframe – was that under Mr. Edens or Mr. Brechbill?
> A. Brechbill.
> Q. Did you not understand that you could leave and then file for Family Medical Leave Act within a couple of days?
> A. At the time I was already having problems getting the FMLA, so I wasn't really sure at that point what I could do.
> Q. So you didn't attempt to file for FMLA?
> A. I didn't. I didn't leave.

(ECF 39-14 at 8.) When asked at another point during her deposition whether she ever filed "a job accommodation for her disability," Plaintiff responded, "I cannot answer that because there was so many different things. I mean, I don't know exactly what I was filing." (Id. at 7.)

11

Even viewing this evidence in the light most favorable to Plaintiff and considering her request for FMLA leave on October 19, 2011, to be an accommodation request based on her disability, this evidence simply does not create a genuine issue of material fact as to Plaintiff's ADA claim. Ultimately, the evidence shows that Plaintiff's request to have her October 19 absence excused was denied because she failed to provide the appropriate medical certification. In addition, although Plaintiff contends she requested an accommodation for one day when she was throwing up, the record contains no evidence to indicate that this sickness was based on Plaintiff's MS. And ultimately, this day did not affect Plaintiff's termination. Moreover, as the Magistrate Judge noted, not only did Plaintiff fail to present evidence to show that she asked for an accommodation that Defendants improperly denied, but also, Defendant Brechbill and Edens both testified that they did not recall Plaintiff ever asking for a workplace accommodation due to her MS. (Edens' Depo., ECF 42-2 at 39-40; Brechbill's Dep., ECF 42-1 at 62-65.) In addition, AT&T's job accommodations manager attested that there was no record of Plaintiff initiating the formal process for requesting a job accommodation due to her MS. (Korzekwa Decl., ECF 39-13 ¶¶ 13, 15.)

In light of the foregoing, the Court agrees with the Magistrate Judge that Plaintiff failed to present "evidence to show that she requested an accommodation under the ADA for a disability related work requirement, or that even when she did, the Defendant failed to accommodate a medically documented need that she had." (ECF 44 at 15.) As the Magistrate Judge concluded:

> Plaintiff has provided no evidence to show that any of the attendance points she accumulated which resulted in her termination (other than with respect to her absence on October 19, 2011) were due to the Defendant's failure or refusal to grant her a requested accommodation for a disability, and with respect to October 19, 2011, Plaintiff has provided no evidence to show she provided the required documentation to have had this request approved, while the Defendant has provided evidence to show affirmatively that she did not. [ ] Further, even subtracting that one day,

>Plaintiff still had accrued well in excess of the number of attendance points required for termination under the terms of the Regional Labor Agreement.

(Id. at 16.) As such, the Court finds that Defendant AT&T is entitled to summary judgment on Plaintiff's ADA claim.[4]

## CONCLUSION

Based on the foregoing, it is hereby

**ORDERED** that the Magistrate Judge's R&R (Entry 44) is adopted in full; Defendants' motion for summary judgment (Entry 38) is granted; Plaintiff's objections (Entry 45) are overruled, and this matter is ended.

**AND IT IS SO ORDERED.**

Richard M. Gergel
United States District Judge

June 20, 2016
Charleston, South Carolina

---

[4] Because the Court finds that Plaintiff's ADA claim fails on the merits, it is not necessary for the Court to address Defendants' argument that the claim is untimely. However, as the Magistrate Judge noted in footnote 15 of the R&R, it appears that both of Plaintiff's alleged requests for accommodation (for October 9, 2011, and for the other day when she was throwing up) occurred outside the 300-day limitations period applicable to her claim.

13